I'll call the first case. The case captioned Vincent Lionel Benjamin et al. v. VI Port Authority et al. and Ms. Griffiths. Good morning. May it please the Court. The appeal this morning is centered upon my motion to withdraw, which was denied by the District Court. There are two issues, I believe, here. The first one is whether it is fair or just to require me as a lawyer to obtain substitute counsel, given the circumstances arising that precipitated my motion to withdraw. The second one is, is there any meaningful purpose to my continuing to represent the plaintiffs in this case, given the circumstances that gave rise to my motion to withdraw? Ms. Griffiths, isn't there a threshold issue of whether this case is now moot, at least this aspect of the appeal you're seeking to withdraw in the proceeding before the District Court, which is now closed? As we all know, there's a separate appeal on the merits. But how about today's appeal? Why isn't that moot? Because it's still a live issue. It's up on appeal, and unless the appeal is a foregone conclusion, the issue is still here. When it comes back down, if it does, the same issue is still in front of the Court. On the merits appeal, you have filed a notice of appearance and the civil information sheet and summary of the case indicating that you intend to proceed representing your clients in the merits appeal. Under those circumstances, how can it be that you are continuing to seek withdrawal of that representation? It was my ethical and moral duty to file a notice of appeal on the four individual taxi drivers who had the courage to have their names put upon a notice of appeal. Well, did you get something in writing from them? Because, you know, back at the point where Judge Sanchez had before him a motion to withdraw, which brings you here today, you indicated you could not reach any of the individual plaintiffs, and therefore you did your best to try to show to the Court that, you know, your continued representation showed no meaningful purpose. Did something happen between then and the time you filed the notice of appeal for the named plaintiffs that are in that notice? We continue to rally these four individuals, continue to attempt to rally. What's that mean? What's rally mean? Solidarity to get their brother taxi drivers together to explain to them what the risks are of going forward and of not appealing Judge Sanchez's order. Did those four individuals authorize you to file this appeal? Yes, ma'am. And how were you able to obtain that authorization if, as you had represented below, they would not speak with you and you could not communicate with your client? They knew if somebody didn't appeal. I can't communicate with some of them, not all of them. This case has been pending for eight years, so a lot of the plaintiffs that I represented, well, I started representing most of them between eight and ten years ago. A lot have passed away. There were older men when the suit was brought. There were older men when it was brought in the Superior Court in 1997. So, you know, every year we lose more. Let me ask you, I've read the transcript of the evidence you're hearing, and it seems there that Judge Sanchez's main concern was to determine whether the federal litigation was authorized by the appropriate people, and that's one of the reasons why he wanted your retainer agreements. Have you provided everything to him that he requested either at that hearing or subsequently demonstrating that you were authorized to bring the suit? I have provided. I think there's a retainer agreement. There's more retainer agreements, actually, than people named in the suit for the individual taxi drivers. The retainer agreement with VI Taxi in the beginning was hourly. Once we, once VI Taxi realized in the Superior Court proceeding and just a contempt proceeding that they couldn't afford to go forward on an hourly fee, it was converted to contingency fee. That contingency fee agreement was signed by Winston Perker. It was brought before the board. It was given to. Okay, so you provided all the retainer agreements that he asked for. Is that correct? For the individual plaintiffs. Okay, but since then he also asked for the current status of the individual members as to whether they supported the litigation or not. Is that correct? He asked for affidavits from each plaintiff, individual plaintiffs, saying whether they wanted me to go forward as their counsel. Okay, and in view of the issues about whether the suit was authorized and who authorized it and whether the litigation committee was, in fact, authorized to authorize the suit, I can understand Judge Sanchez's concern, and you are saying you have not produced these affidavits. It's impossible for me to produce. Well, have you attempted, for instance, you have the power of subpoena to depose these individuals. You can make them come in, right? I can't even locate the individuals. Well, I think with a private detective you could probably locate them and you could subpoena them and make them come in. So if Judge Sanchez is not satisfied that you have demonstrated your the willingness of the individual plaintiffs to have you as their attorney, I can see why he would be hesitant to let you out of the case and not have an attorney in your stead to represent them. On the other hand, Lerone apparently is anxious now. I'm not interested at all in your relations with Lerone. That's irrelevant to what's before us. But if she's willing to come in, what's the matter with that? I think the plaintiffs would not like her to represent them. Well, that's up to them. That's not up to you, right? It's not up to me, but certainly they've been subjected to threats of violence. I've watched this. These people, it's called duress. All right. Have you requested Lerone to step in and represent them? It's not my place to request it. Well, it's your place to find a subsequent replacement counsel, right? Not under Third Circuit case law, it's not. What's your case on that? That's the own trip decision. It's not the responsibility of counsel to hire a substitute counsel. I'm not saying to hire it. I'm saying to locate it. I have talked to so many law firms that were interested in this case in the beginning, and instead I selected Lerone because she's familiar with the juries here. Nobody's going to touch this case stateside, RICO lawyers, because it's been pending for eight years with no Rule 16 order, no Rule 16 conference, and a docket with over 450 entries, with no case management whatsoever. Okay. I don't want to get into the controversy that may exist as to whether or not Lerone may or may not be a good substitute counsel, but wasn't that what Judge Sanchez directed you to do, to get substitute counsel? Well, it seemed to be. Just to answer my question, wasn't that what he directed you to do? If you went out, get substitute counsel. And now just tell me if that was what he did, why was that an abuse of discretion? It wasn't. That's not exactly what he instructed me to do. He said either they or me obtain substitute counsel or they dismiss all their claims. Okay. All right. Now, why is that an abuse of discretion? That's really the issue before our court on your motion to withdraw. Why is the retainer agreement not good enough for these folks to hire counsel to represent them in a dispute with the airport? Why is that called into question for the individual plaintiffs when the issue didn't even surround the individual plaintiffs? In addition, it's impossible for me to obtain affidavits when every time I attempt to talk to them, the few that I can locate and get a meeting together, they're under threats from P.I. Towers. All right. Well, subpoena them. Ma'am, when a taxi driver retires here, generally they go to the states. A lot of them have returned to the states, have gone to the states where their children live or they go back down there. Okay. Well, the ones who are here, subpoena them. And the ones who are not here, I would presume that having lost contact with them, that perhaps they are no longer interested in the litigation. There's many of them still interested in the litigation. Okay. Now, let me take you to the next step. And you filed the notice of appeal for four or five of the individual plaintiffs. Yes, Your Honor. Correct? Okay. Now, that notice of appeal was from the decision, at least on the merits, in which I believe, because we don't have that case in front of us, that Judge Sanchez found that none of you had authority to proceed forward with the suit. Isn't that, in essence, what he found? No, sir. What was the basis for the dismissal? He dismissed the individual plaintiffs because he ruled that they'd been dilatory. Okay. He also dismissed the Virgin Islands Taxi Association, did he not? Yes, for allegedly not having authority, which is legally absurd. Okay. And that's not your client. They're represented by someone else. Correct. Don't get me wrong. Your basis for arguing that Judge Sanchez abused his discretion and not allowing you to withdraw is partially based on the proposition that your presence in the litigation no longer serves a meaningful purpose. Correct? Yes, Your Honor. Now, how can that be so when you saw fit to file an appeal? Like I said, I still have moral and ethical obligations, but I don't see how I'd serve a meaningful purpose in the district court case when the judge says, I can't go forward without the affidavits, but I can't withdraw either. Go ahead. I'm sorry. You stated in response to my earlier question that it was your intention to continue representing these clients on appeal. I'm preserving their rights. There's nobody else to do that. You preserve their rights by filing a notice of appeal, but what obligation, what are you pointing to as a basis for an obligation to continue representing clients with whom you cannot, you've advised you cannot communicate, it's impossible to communicate, and you were unable to even get an affidavit in the district court confirming that they were authorizing you to represent them and continue in the litigation below, much less here. Well, that's sort of a broadened idea. I can communicate with some of them, and I think it's in one of my motions in the underlying proceedings. I've held meetings. I've communicated. They've been told not to sign any papers, not to do anything. I agree if I subpoenaed them one by one, you know, they'd have to answer, but I don't even know if they'd feel compelled to answer them because this is their livelihood. They're not going to risk their jobs and say anything that will put their jobs on the line. How can it be the case that you are representing, you can play a meaningful role in the appeal of these four individuals at the same time that you're arguing for purposes of this motion to withdraw that you're unable to play a meaningful role in the representation of these individuals in the district court? Well, Judge Sanchez doesn't rule over the appeal in front of the Third Circuit. In the district court, there's no meaningful role for me with Judge Sanchez. He made it very clear that he did not want me inside his courtroom, let alone representing any of these people. Okay, so maybe this takes us back to Judge Krause's original question. If you're content to represent the parties that you've indicated you represent in a notice of appeal, that case is before our court. Isn't the question of whether or not you were able to withdraw or not withdraw before the district court a moot question? No, because if they prevail in appeal, they come back to district court, and it just serves for more delays. Well, can't you cross that bridge when you get to it and file another motion if the case is sent back? You know, people are dying in this case. A lot of these clients have already passed away, and we've been ping-ponging back and forth for 10 years in the appellate courts, and it's a bureau court case. I understand that, Ms. Griffiths, but this is a very finite legal issue that's before this panel, and it's your motion to withdraw before Judge Sanchez. I mean, it seems to me there's a real question as to whether or not that point may not be moot in light of the fact that the merits appeal is separately before this court. Well, I would say, Your Honor, with all due respect, I have a meaningful purpose in the Third Circuit, but I have no meaningful purpose in the district court. All right, so you want to stay in the case in the Third Circuit, but you wanted to be able to withdraw before Judge Sanchez. There's nobody else to represent these four individual taxi drivers interest at this point. Are you representing to us that you have been in contact with the four individuals you purport to represent on appeal, and they have each individually authorized you to represent them on appeal? Yes, ma'am. And these same individuals were unwilling to give you anything? You were unable to communicate with them or get their authorization to proceed in the district court? These four individuals were afraid to even do the appeal. However, Kerry Harrigan, who's in the appeal, he's not a full-time taxi driver. He's a police officer during the day. Eddie Downeyhugh, he's the personal representative of his uncle's estate, Patrick Roach. So there's no retaliation that can be directed towards those two, and it's probably Kerry Harrigan who encouraged Stetson Richardson and the other Richardsons, I think they're brothers, to join him. But they don't have the threat of retaliation hanging over their heads like the full-time taxi drivers. That retaliation is a real threat. Do those four want you to represent them in the district court? Kerry Harrigan attended that October 24, 2014, evidentiary hearing. Yes, they would like me to continue, but they were threatened with attorney's fees at that October 24 hearing, and they wanted me to continue, but they were afraid of adverse rulings if I did continue because the animosity was so, you know, the tenor was so hostile. So if this goes back on remand, do they want you to continue representing them in the district court? They don't want to lose their case, and they don't want to lose their jobs. Okay. All right. Yes, they would like me to continue a lot of them. All right. Okay, Ms. Griffiths. Ms. Griffiths, we've heard your argument, and we thank you for being here. Thank you for having me. We will take the matter under advisement. Thank you.